Robert N. Michaelson                                                    **Responses Due: November 9, 2015**
Eric T. Moser
Rich Michaelson Magaliff Moser, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7855
emoser@r3mlaw.com

*Special Counsel for Harold D. Jones, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                    :
        ALICE PHILLIPS BELMONTE             :      Chapter 7
                                                           :      Case No. 12-76045 (AST)
                               Debtor.          :
---------------------------------------------------------------X
                                                           :
HAROLD D. JONES, Chapter 7 Trustee,      :
Plaintiff,                                            :
                                                           :
v.                                                               :      Adv. No. 15-8156 (AST)
                                                           :
CRAIG A. BRAND and                         :
THE BRAND LAW FIRM, P.A.,             :
Defendants                                       :
---------------------------------------------------------------X

## TRUSTEE'S MOTION TO STRIKE DEFENDANTS'
## JURY DEMAND AND INCORPORATED MEMORANDUM OF LAW
## REGARDING JURISDICTIONAL ISSUES

Harold D. Jones (the "Trustee"), the chapter 7 trustee for the estate of Alice P. Belmonte (the "Debtor"), hereby moves to strike, pursuant to Fed. R. Bankr. P. 9015, the jury trial demand filed by Craig A. Brand and The Brand Law Firm, P.A. (collectively, the "Defendants") in this case, stating as follows:

### PRELIMINARY STATEMENT

The Defendants do not have a constitutional or statutory right to a jury trial with respect to the Trustee's claims for recovery of unauthorized post-petition transfers pursuant to sections

549 and 550 of the Bankruptcy Code, nor are they entitled to have this case decided by an Article III judge.  Instead, as explained more fully below, this Court is both statutorily and constitutionally competent to resolve the Trustee's claims against the Defendants, and to enter a final order embodying that resolution, subject only to ordinary appellate review by the District Court.

## THE CLAIMS IN THE TRUSTEE'S COMPLAINT ARE CORE

Pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference entered by the United States District Court for the Eastern District of New York on August 28, 1986, as amended on December 5, 2012, this Court has jurisdiction over "all core proceedings arising under title 11."  28 U.S.C. 157(b)(1).

Claims to avoid unauthorized post-petition transfers are not expressly listed among the non-exclusive list of "core proceedings" set forth in 28 U.S.C. § 157(b).  Courts have nevertheless recognized that proceedings to compel the return of improperly transferred estate property under section 549 of the Bankruptcy Code are core, as are all "[c]laims that clearly invoke substantive rights created by federal bankruptcy law."  MBNA America Bank, N.A. v. Hill, 436 F.3d 104, 108-9 (2d Cir. 2006); see also In re Felice, 480 B.R. 401, 426 (Bankr. D. Mass. 2012) (holding an action under § 549 to be a core proceeding); In re Gandara, 257 B.R. 549, 551 (Bankr. D. Montana 2000) ("This is a core proceeding to avoid a post-petition transfer of property of the estate under § 549(a)."); Matter of Global Intern. Airways Corp., 76 B.R. 700, 705 (Bankr. W.D. Mo. 1987) ("there can be no question that actions for the recovery of assets of the estate which were transferred subsequent to the petition has always been considered within the . . . 'core' jurisdiction of a bankruptcy court.").

For the same reason, courts have concluded that claims under 11 U.S.C. § 550 to recover transfers that have been avoided under 11 U.S.C. § 549 are also core proceedings. See, e.g., In re Louis Gherlone Excavating, Inc., Adv. No. 12-3073, 2014 WL 7246146, at *1 (Bankr. D. Conn. Dec. 19, 2014) (holding that an action under 11 U.S.C. §§ 549 and 550 was a core proceeding); In re Sattler's, Inc., 73 B.R. 780, 785 n.4 (Bankr. S.D.N.Y. 1987) ("action seeking recovery of unauthorized post-petition transfers is indisputably core under [28] U.S.C. § 157(b)(2)(A) and (O).")

The Trustee's claims in this action, which seek to avoid and recover unauthorized post-petition transfers, thus fall well within the scope of this Court's core statutory jurisdiction.

## THE COURT'S CONTINUED EXERCISE OF JURISDICTION OVER THIS MATTER IS CONSTITUTIONALLY APPROPRIATE

Even after the Supreme Court's decision in Stern v. Marshall, ___ U.S. ___, 131 S.Ct. 2594 (2011), bankruptcy courts retain the authority to render final decisions in cases involving "public rights," including those where, as here, "the right is integrally related to particular federal government action." Id. at 2613.

Courts have narrowly construed Stern, and consistently recognized that actions designed to preserve, protect, and recover property of a debtor's estate are "public rights," which may be decided by bankruptcy courts. See In re Quigley Co., Inc., 676 F.3d 45, 52 (2d Cir. 2012) ("The Supreme Court in *Stern* indicated that its holding was a narrow one."); In re Louis Gherlone Excavating, Inc., 2014 WL 7246146 at *1 ("the Court concludes that this action to avoid and recover alleged unauthorized postpetition transfers lies outside the scope of *Stern* and *Executive Benefits* and does not implicate the Constitutional concerns addressed in those cases."); In re Britt Motorsports, LLC, Case No. 11-107688-8-SWH, 2014 WL 6609310, *2 (Bankr. E.D.N.C.

3

Nov. 20, 2014) ("Congress's assignment of § 549 actions to the bankruptcy courts is proper because such actions involve public, rather than private, rights."). Accordingly, because an action to avoid and recover unauthorized post-petition transfers implicates a public right created by the Bankruptcy Code, this Court's continued exercise of its statutory jurisdiction over the claims in this matter is entirely consistent with Article III of the Constitution.

## THE DEFENDANTS DO NOT HAVE A RIGHT TO A JURY TRIAL

The Defendants do not have a right to a jury trial in this case because an action to recover unauthorized post-petition transfers of estate assets under section 549 of the Bankruptcy Code is an *equitable* proceeding in which no right to trial by jury exists. See, e.g., In re M&L Business Mach. Co., Inc., 59 F.3d 1078, 1082 (10th Cir. 1995) ("We conclude that enforcement of Section 549, a provision clearly designed to protect the bankruptcy estate following its inception, is a procedure which is equitable in nature.") (citations omitted); In re Rivera, No. 1:05MC065, 2005 WL 4001273, *3 (N.D. Ohio Oct. 12, 2005); ("The majority of courts have held that § 549 claims are equitable in nature and thus, the Seventh Amendment right to a jury trial does not apply.") (citations omitted); In re Britt Motorsports, LLC, Case No. 11-107688-8-SWH, 2014 WL 6609310, *2 (Bankr. E.D.N.C. Nov. 20, 2014) ("No right to a jury trial exists for actions to recover post-petition transfers under § 549."). Defendants thus do not have a right to a jury trial in this matter.

## CONCLUSION

The Defendants do not have any statutory or constitutional right to a jury trial, nor do they have any right to have their case decided by an Article III tribunal. The Trustee therefore requests that the Court enter an Order: (i) confirming that this is a core proceeding with respect

4

to which this Court can issue a final order; (ii) striking the Defendants' jury demand, and (iii) granting such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Rich Michaelson Magaliff Moser, LLP |
| Dated: New York, New York<br>October 21, 2015 | /s/ Eric T. Moser<br>Eric T. Moser<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>646.453.7855<br>emoser@r3mlaw.com<br><br>*Special Counsel for Harold D. Jones,<br>Chapter 7 Trustee* |