UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                       Chapter 7
                                                       Case No.: 12-76045-ast

Alice Phillips Belmonte,

                            Debtor.
-----------------------------------------------------------------x
Harold D. Jones, Chapter 7 Trustee,

                            Plaintiff,                  Adv. Pro. No.: 15-8156-ast
          - against -

Craig A. Brand and The Brand Law Firm, P.A.,

                            Defendants.
-----------------------------------------------------------------x

**DECISION AND ORDER**
**GRANTING TRUSTEE'S MOTION TO STRIKE JURY DEMAND AND**
**DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This is an action commenced by the Plaintiff, Harold D. Jones, the chapter 7 trustee of the estate of Alice Phillips Belmonte (the "Trustee") against the Defendants, Craig A. Brand and The Brand Law Firm, P.A. (collectively, the "Defendants") to recover an alleged unauthorized post-petition transfer in the amount of $250,000. Defendants served as counsel to Debtor in various capacities prior and subsequent to the filing of an involuntary case against her and after an order for relief was entered. This action is brought pursuant to 11 U.S.C. §§ 549 and 550[1].

Now pending before the Court are two motions: (i) the motion filed by the Trustee to strike Defendants' jury demand (the "Motion to Strike"); and (ii) Defendants' motion for judgment on the pleadings (the "Motion for Judgment") on the Trustee's Complaint under Rule 12(c) of the Federal Rules of Civil Procedure ("Rules"), as incorporated by Rule 7012 of the

---

[1] Unless otherwise indicated, all statutory references are to title 11 of the United States Code, §§ 101- 1532 (the "Bankruptcy Code").

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").  For the reasons stated below, the Motion to Strike is granted and the Motion for Judgment is denied.

## **Jurisdiction**

This Court has jurisdiction to decide the Motion to Strike and the Motion for Judgment pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

In *Exec. Benefits Ins. Agency v. Arkison*, the Supreme Court held that when a bankruptcy court is presented with a claim statutorily designated as core but which it lacks constitutional authority to finally adjudicate, a so called "*Stern* claim"[2], the court is to issue proposed findings of fact and conclusions of law to the district court as it would when hearing non-core claims. 134 S. Ct. 2165, 2170 (2014) (referring to 28 U.S.C. § 157(c)(1) and Bankruptcy Rule 9033). Defendants agree that the claims asserted against them by the Trustee are "core," but they have not expressly consented to the entry of a final order or judgment by this Court, and argue that this Court lacks constitutional authority to enter a final order or judgment on the claims asserted in the Complaint.  [dkt items 14, 18]  This Court disagrees.

First, regardless of whether the Trustee's claims would qualify as *Stern* claims, this Decision and Order is interlocutory[3], not final, and as such, proposed findings of fact and conclusions of law need not be submitted to the District Court.  *See Am. Media, Inc. v. Anderson*

---

[2] The Supreme Court was referring to the type of claim identified in its decision in *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011).

[3] *See First Fid. Bank, N.A., N.J. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 837 (2d Cir. 1991) ("a determination that a litigant is or is not entitled to a jury trial generally is not itself immediately appealable as a final order because it merely prescribes the method of fact-finding to be applied to the underlying dispute; it obviously does not dispose of the dispute."); *see also Ellsworth v. Myers (In re Cross Media Mktg. Corp.)*, 2007 U.S. Dist. LEXIS 69780, at *4 (S.D.N.Y. Sept. 19, 2007) (determining that the bankruptcy court's order denying a motion for judgment on the pleadings was interlocutory).

*Mgmt. Servs. (In re Anderson News, LLC)*, 2015 U.S. Dist. LEXIS 109896, at *4-6 (D. Del. Aug. 19, 2015); *Residential Funding Co., LLC v. UBS Real Estate Sec., Inc. (In re Residential Capital, LLC)*, 515 B.R. 52, 69 (Bankr. S.D.N.Y. 2014).

Second, the Court disagrees that the Trustee's Complaint implicates the constitutional concerns addressed in *Stern* and *Executive Benefits*; unlike the counterclaim at issue in *Stern* and the fraudulent conveyance claims in *Executive Benefits*, a Section 549 action is a "special creature" of the Bankruptcy Code that could not exist outside its provisions. *See Murphy v. Felice (In re Felice)*, 480 B.R. 401, 426-28 (Bankr. D. Mass. 2012). Moreover, Section 549 does not seek to augment the estate but, rather, to recover property that should never have left the estate. *Id.* at 428; *see also Coan v. MDC Corp. (In re Louis Gherlone Excavating, Inc.)*, 2014 WL 7246146, at *1 (Bankr. D. Conn. Dec. 19, 2014). As noted below, the Trustee's Section 550 claim is purely derivative of the Trustee's Section 549 claim. This Court is therefore not required to submit proposed findings of fact and conclusions of law to the District Court. However, this Order is subject to review by the District Court under 28 U.S.C. § 158(a)(3) and, in the event the District Court wishes to treat this Order as proposed findings of fact and conclusions of law, it certainly may do so pursuant to the authority it vested in this Court when it issued the Standing Orders of reference in effect in this District.[4]

Further, the District Court may determine to withdraw this matter back, as Defendants have also filed a motion to withdraw the reference [dkt item 13], which remains pending before

---

[4] The December 5, 2012 Standing Order in effect in this District states that "the district court may treat any order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law in the event that the district court concludes that a bankruptcy judge could not enter that order or judgment consistent with Article III of the United States Constitution". E.D.N.Y. Standing Order, The Referral of Matters to the Bankruptcy Judges, https://www.nyed.uscourts.gov/content/referral-matters-bankruptcy-judges.

the District Court; however, the pendency of that motion has no effect on this Court's continued administration of this adversary proceeding.  *See* FED. R. BANKR. P. 5011(c).

With jurisdiction established to issue this decision, this Court now turns to the factual background and legal dispute.

## Factual Background and Procedural History

On October 5, 2012, various petitioning creditors[5] filed an involuntary chapter 7 petition against Ms. Belmonte ("Debtor") pursuant to § 303(b) of the Bankruptcy Code.  At the time the involuntary petition was filed, Debtor was licensed to practice law in the state of New York.  However, the petition sought relief against her for investment-related activities, not for her actions taken as an attorney.  Defendants were among the counsel who unsuccessfully represented Debtor in opposing the involuntary petition.

On April 25, 2013, the Court entered an order for relief under chapter 7.  [main case dkt item 88]  Shortly thereafter, an interim trustee was appointed.  On June 12, 2013, the Office of the United States Trustee filed a report certifying the results of an election of a trustee conducted pursuant to § 702.  [main case dkt item 104]  Mr. Jones was elected and subsequently appointed as the chapter 7 trustee of Debtor's bankruptcy estate.

The Trustee, as plaintiff, commenced this adversary proceeding on April 22, 2015 (the "Complaint").  The Complaint, as amended, asserted two causes of action for the avoidance and recovery of an alleged unauthorized post-petition transfer in the amount of $250,000, pursuant to Bankruptcy Code §§ 549 and 550.  [dkt item 12]  According to the Complaint, in January 2014, after the order for relief had been entered, Debtor and her husband borrowed $250,000 from a

---

[5] The petitioning creditors were E. J. Elliott, George Kassianides, John E. Elliott, John E. Elliott Irrevocable Trust, Artemis Mellen Irrevocable Trust, Ted Eidson, Gregory Roper, R & S Fields Limited Partnership, Jefferson Investment LLC and James McCarthy.

Patrick Thompson and granted Mr. Thompson a second mortgage against their home to secure the loan (the "Thompson Mortgage"). The Trustee further alleges Debtor requested that the $250,000 be paid directly to Defendants and that, in fact, in either January or February 2014, the $250,000 was disbursed directly to the Defendants, all without Debtor first obtaining this Court's permission to either borrow the money or encumber this estate's property with a lien.

On May 20, 2015, Defendants filed a demand for a jury trial on all of the claims asserted against them; Defendants indicated that they do not consent to the jury trial being tried before the Bankruptcy Court. [dkt item 11]

On May 23, 2015, Defendants interposed an answer asserting general denials and fourteen (14) affirmative defenses, including setoff. [dkt item 14] Defendants attached as exhibits to their answer the Trustee's complaint against Debtor, her husband and Mr. Thompson in adversary proceeding number 14-8322-ast and this Court's March 24, 2015, Order approving the parties' settlement of that adversary proceeding, which resulted, *inter alia*, in the Thompson Mortgage being avoided for the benefit of the estate.

On September 28, 2015, the Court issued an order directing the parties to provide briefing on the Defendants' jury demand. [dkt item 15]

On October 22, 2015, the Trustee filed his Motion to Strike, contending that the Defendants lack either a constitutional or statutory right to a jury trial on any of the claims asserted against them. [dkt item 22]

On November 9, 2015, Defendants filed a statement in support of their jury demand; the statement lacks any legal analysis and merely references the Supreme Court's decision in *Granfinanciera v. Nordberg* for the proposition that they are entitled to a jury trial. [dkt item 28] Also on November 9, 2015, Defendants filed their Motion for Judgment. [dkt items 29, 30] In

5

the Motion for Judgment, Defendants essentially argue that because the Trustee was successful in avoiding the Thompson Mortgage, the estate was thereby made whole and cannot recover the $250,000 paid to Defendants. Like Defendants' statement in support of their jury demand, Defendants' Motion for Judgment also lacks any meaningful legal analysis.

On November 13, 2015, the Trustee filed a reply brief in support of his Motion to Strike. [dkt item 32]

On November 27, 2015, the Trustee filed opposition to the Motion for Judgment. He argued, among other things, that as a matter of law the estate was not made whole because, while the pleadings show that the Thompson Mortgage was avoided, they do not show that the estate recovered the $250,000 Debtor borrowed which was allegedly disbursed directly to Defendants. [dkt item 33]

On November 28, 2015, Defendants filed a motion for leave to file a reply to the Trustee's Opposition along with a proposed reply, to which the Trustee filed opposition on December 14, 2015. [dkt items 34, 35]

In the main bankruptcy case, the Trustee had also sought to disgorge fees from Defendant Brand, among other counsel for Debtor, pursuant to § 329(b) and Bankruptcy Rules 2016 and 2017 (the "Disgorgement Motion"). Because the Disgorgement Motion also seeks the return of the $250,000 at issue in this adversary, on June 7, 2016, the Court entered an order consolidating the trial of this adversary proceeding with the trial of the Trustee's Disgorgement Motion, pursuant to Bankruptcy Rules 1001 and 7042. [dkt item 44]

## Discussion

### 1. *Defendants' Right to a Jury Trial*

In *Granfinanciera*, the Supreme Court articulated a balancing test for determining whether a party is entitled to a jury trial under the Seventh Amendment: (1) whether the action is one that would have been deemed legal or equitable in the 18th century courts of England; and (2) whether the remedy sought is "legal" or "equitable" in nature.  *See Eberhard v. Marcu*, 530 F.3d 122, 135 (2d Cir. 2008) (citing *Granfinanciera v. Nordberg*, 492 U.S. 33, 42, 109 S. Ct. 2782, 106 L. Ed. 2d 26 (1989)).  In balancing the two factors, courts must give greater weight to the latter.  *Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993) (citing the same).  The Supreme Court stated that in applying this test, if the cause of action and remedy are equitable, the right to a jury trial does not exist; if the claim is legal in nature, the Seventh Amendment only protects a litigant's right to a jury trial if the matter involves a "private" as opposed to a "public" right.  *Granfinanciera*, 492 U.S. at 42, n.4, 51-52.  The Supreme Court went on to hold that a litigant who has not filed a claim against the bankruptcy estate has the right to a jury trial when sued by the bankruptcy trustee to recover allegedly fraudulent monetary transfers.  *Id.* at 58-59.  In so holding, the Court noted that fraudulent conveyance actions brought under Bankruptcy Code § 548 are "quintessentially suits at common law" that assert private rights.  *Id.* at 56.

Neither the Trustee nor Defendants analyzed how the Supreme Court's test in *Granfinanciera* should be applied to this action; the Court must nevertheless do so.  Here, the Trustee seeks to avoid a $250,000 post-petition transfer under Section 549, and under Section 550 seeks entry of a monetary judgment in the same amount.  Courts which have considered this issue have concluded that no jury trial right exists for a post-petition Section 549 action.

In *In re M & L Business Machine Co. v. Youth Benefits Unlimited, Inc.* (*In re M & L Business Machine Co.*), 59 F.3d 1078 (10th Cir.1995), the Tenth Circuit Courts of Appeals held that *Granfinanciera* did not require a jury trial in a trustee's § 549 action. The court held that § 549 is "a provision clearly designed to protect the bankruptcy estate following its inception," that establishes "a procedure which is equitable in nature." *Id.* at 1082. The court noted that there was no underlying legal claim in the case and held that the jury right did not attach. The First Circuit took a similar approach to actions which are post-petition in nature, and cited *M & L Business* in determining that no jury trial right attached to a turnover proceeding under Section 542. *Braunstein v. McCabe*, 571 F.3d 108, 123 (1st Cir. 2009). Other courts have followed *Braunstein. See, e.g., Ball v. Soundview Composite Ltd. (In re Soundview Elite Ltd.)*, 2014 U.S. Dist. LEXIS 91267, at *13-17 (S.D.N.Y. July 3, 2014) (finding that the trustee's claims for turnover under § 542 did not give rise to a right to a jury trial).

Numerous other courts post-*Granfinanciera* have held that a § 549 claim does not give rise to a right to a jury trial. *See Angell v. Mansour (In re Britt Motorsports, LLC)*, 2014 WL 6609310, at *2 (Bankr. E.D.N.C. Nov. 20, 2014) ("[B]oth the character of the § 549 action as it might have existed in England in the late 18th-century and the nature of the remedy sought are equitable," quoting *In re N.C. Hosp. Ass'n Trust Fund*, 112 B.R. 759, 762 (Bankr. E.D.N.C. 1990)); *Felice*, 480 B.R. at 429-30 ("Actions to recover unauthorized post-petition transfers are brought for the purpose of preserving the bankruptcy res for equitable distribution among creditors and are therefore analogous to 18th century actions brought in the courts of equity to administer bankruptcy estates"); *In re Lands End Leasing, Inc.,* 193 B.R. 426, 432 (Bankr. D.N.J. 1996) ("This court agrees with the Tenth Circuit's analysis of § 549 actions.").

Thus, regardless of the fact that Defendants have not filed a proof of claim, this Court concludes that Defendants are not entitled to a jury trial under the Seventh Amendment on the Trustee's Section 549 claim[6]. With respect to the Trustee's Section 550 claim, any recovery thereunder is purely derivative of the Trustee's Section 549 claim and "is inherently equitable in nature as it seeks to restore the status quo as of the date of the bankruptcy filing." *See Felice*, 480 B.R. at 428-30. Therefore, analyzing Defendants' demand for a jury trial on the Section 550 claim the same way as the Section 549 claim, this Court concludes that Defendants are not entitled to a jury trial on the Section 550 claim.

In addition, several courts have held that a defendant's assertion of the affirmative defense of setoff invokes the court's equitable jurisdiction and thereby waives any right to a jury trial. *See Britt Motorsports, LLC*, 2014 WL 6609310, at *3 (citing *In re Big Springs Realty LLC*, 430 B.R. 629, 634 (Bankr. D. Mont. 2010) and *In re Commercial Fin. Servs., Inc.*, 251 B.R. 397, 404-408 (Bankr. N.D. Okla. 2000)). The conclusion drawn by each of these courts is that a claim for setoff is tantamount to filing a claim against the bankruptcy estate – a claim of setoff is essentially a request to recover from the estate itself. This principle has often been applied by district courts in considering whether to withdraw the reference from the bankruptcy courts[7]; this Court finds this analysis equally applicable. *See Statutory Comm. of Unsecured Creditors v. Motorola (In re Iridium Operating LLC)*, 285 B.R. 822, 831-33 (S.D.N.Y. 2002) (by pleading setoff whether as an affirmative defense or counterclaim a defendant has thereby asserted a claim against the bankruptcy estate and invoked the jurisdiction of the bankruptcy court); *N. Am.*

---

[6] At least one court within the Second Circuit has suggested likewise. *See, e.g., Davis v. All Points Packaging & Distrib. (In re Quebecor World United States)*, 2012 U.S. Dist. LEXIS 187847, at *4-5 (S.D.N.Y. July 6, 2012).

[7] In evaluating a motion to withdraw the reference, courts in the Second Circuit consider whether a party has a right to a jury trial. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. N.Y. 1993); *Thaler v. Parker*, 525 B.R. 582, 587 (E.D.N.Y. 2014).

*Energy Conservation, Inc. v. Interstate Energy Res., Inc. (In re N. Am. Energy Conservation, Inc.),* 2000 U.S. Dist. LEXIS 15084, at *5-6 (S.D.N.Y. Oct. 12, 2000) (stating the same principle and citing to, among others, *Langenkamp v. Culp*, 498 U.S. 22, 44, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990)).

Here, because Defendants have asserted an affirmative defense of setoff in their answer, they have asserted a claim against Debtor's bankruptcy estate, and, as such, have subjected themselves to the equitable jurisdiction of this Court.

Thus, Defendants are not entitled to a jury trial on the Trustee's Section 549 and 550 claims, and the Motion to Strike should thus be granted.

## 2. *Legal Standard for the Motion for Judgment*

When deciding a Rule 12(c) motion, Courts are required to employ the same standard applicable to a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). This Court has previously addressed the application of Rule 12(b)(6) and the flexible plausible pleading standard established by the Supreme Court in evaluating whether a claim has been adequately plead. *See Devices Liquidation Trust v. Pinebridge Vantage Partners (In re Pers. Commun. Devices, LLC)*, 528 B.R. 229, 233-34 (Bankr. E.D.N.Y. 2015), discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007*)*; *Moxey v. Pryor (In re Moxey)*, 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *In re Ippolito*, 2013 WL 828316, at *3 (Bankr. E.D.N.Y. Mar. 6, 2013); *see also In re Int'l Tobacco Partners, Ltd.*, 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, 2011 WL 1549060, at *2-3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693-94 (Bankr. E.D.N.Y. 2008).

Under the U.S. Supreme Court's *Iqbal*/*Twombly* analysis, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56; *see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (citing FED. R. CIV. P. 8(a)(2)).

In deciding the Motion for Judgment, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits, and matters of which this Court may take judicial notice. *Blue Tree*

*Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).  The Court may also "consider documents that are integral to the complaint…." *Int'l Tobacco Partners, Ltd.*, 462 B.R. at 385; *see also Watts v. Jackson Hewitt Tax Serv. Inc.*, 579 F. Supp. 2d 334, 344 (E.D.N.Y. 2008) ("A document is integral to the complaint where the complaint relies heavily upon its terms and effects." (internal citations and quotation marks omitted)).  Further, this court has the authority to consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit."  *Holmes v. Air Line Pilots Association*, 745 F. Supp. 2d 176, 198 (E.D.N.Y. 2010) (internal citations omitted).  If the documents contradict the allegations of the Complaint, the documents themselves control and the Court does not need to accept as true any contradictory allegations concerning those documents.  *Id.*

The Trustee has requested that the Court decline to consider Defendants' proposed reply to the Motion for Judgment because it improperly introduces new arguments and authorities not referenced in the Motion.  Case law in the Second Circuit supports the Trustee's position.  *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999); *Wells Fargo Bank, N.A. v. Kokolis*, No. 12-cv-2433 (DLI) (JO), 2013 U.S. Dist. LEXIS 31070, at *11 (E.D.N.Y March 1, 2013) ("It is axiomatic that new arguments may not be made in a reply brief and this Court cannot rely on such arguments to dismiss the complaint.") (internal quotation marks omitted).  While the Trustee is correct that the Court should not consider Defendants' new arguments, having reviewed the reply, the Court finds it unpersuasive.

As noted, the crux of this lawsuit is the Trustee's claim that Debtor and her husband borrowed $250,000 from Mr. Thompson, granted Mr. Thompson a lien against this estate's property, and that the $250,000 was paid directly to Defendants.  Under Section 549, the Trustee

may avoid a transfer of estate property that (1) occurs after the commencement of the case; and (2) that is not authorized by the court or the Bankruptcy Code. 11 U.S.C. § 549(a). Section 550 of the Bankruptcy Code further provides that "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a)(1).

The Trustee has adequately plead each element of a cause of action under Sections 549 and 550 by alleging that: (i) Debtor and her husband obtained a $250,000.00 loan from Mr. Thompson, which was secured by a mortgage against their home and which was clearly property of Debtor's estate (¶¶ 10, 18); (ii) the loan proceeds were transferred to Defendants after the commencement of this case, in January or February of 2014 (¶ 12); (iii) the transfer to Defendants was not authorized by any provision of the Bankruptcy Code or any order of this Court (¶ 21); and (iv) the loan proceeds were delivered directly to Defendants. (¶ 19).

Moreover, the Court rejects Defendants' position that the Trustee is prohibited from recovering the $250,000 from Defendants as a double recovery because he has successfully avoided the Thompson Mortgage. It is well settled that until finally paid, litigants may look to multiple parties to recover the same loss. *Fed. Ins. Co. v. PGG Realty, LLC*, 529 F. Supp. 2d 460, 463 (S.D.N.Y. 2008). Neither the pleadings themselves nor the documents attached to the pleadings suggest that the Trustee has recovered the $250,000 allegedly borrowed by Debtor and transferred to Defendants. Thus, no double recovery has occurred.

## **Conclusion**

For the reasons stated above the Court has granted the Trustee's Motion to Strike Defendants' jury demand and denied Defendants' Motion for Judgment.



**Dated: June 28, 2016**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**